IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANNY & MARISOL GALINDO<br>*Plaintiffs,* | § § § | |
| v. | § | CIVIL ACTION NO: 1:23-cv-115 |
| NATIONWIDE MUTUAL<br>INSURANCE COMPANY<br>*Defendant.* | § § § § | |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Danny & Marisol Galindo. v. Nationwide Mutual Insurance Company*; Cause No. 23-0029-C425; In the 425th Judicial District of Williamson County, Texas.

## I.
## BACKGROUND

1.  Plaintiffs Danny and Marisol Galindo (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 23-0029-C425; In the 425th Judicial District of Williamson County, Texas on January 5, 2023 (the "State Court Action").[1]

2.  Defendant appeared and answered on February 3, 2023, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2]

3.  Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

4.  The State Court Action docket sheet is attached as **Exhibit C.**

---

[1]  *See* Plaintiffs' Original Petition with Citation, attached as Exhibit A.

[2]  *See* Defendant's Original Answer, attached as Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 425th Judicial District Court of Williamson County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.  Diversity of Parties**

8. Plaintiffs are individuals domiciled in the State of Texas.[3]  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas

9. Defendant Nationwide Mutual Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

---

[3]  Exhibit A, Plaintiffs' Original Petition with Citation, at ¶ 2.

**B.     Amount in Controversy**

11.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[4] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[5] If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[6] Further, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[7]

12.     Here, Plaintiffs seek "only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.[8] However, Plaintiffs' Original Petition alleges "[t]he damage to Plaintiffs' Property is currently estimated at $40,243.10"[9] and indicated a $1,000 deductible applied to the loss.[10] Plaintiffs also seek treble damages, punitive damages, exemplary damages, ant attorneys' fees.[11] The trebling of Plaintiffs' actual damages, alone, exceeds $75,000. Therefore, the threshold for diversity jurisdiction, $75,000, is met by the evidence and allegations contained in Plaintiffs' Original Petition.

13.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[4]     28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[5]     *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[6]     *White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir. 2003).

[7]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[8]     Exhibit A, Plaintiffs' Original Petition with Citation, at ¶ 73.

[9]     *Id.* at ¶ 16.

[10]    *Id.* at ¶ 13.

[11]    *Id*. at § - Prayer.

## III.
## CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Nationwide Mutual Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
ddilizia@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 6th day of February, 2023 to:

Chad T. Wilson                                             **_#9414 7266 9904 2178 2280 14_**
Vickers L. Cunningham Jr.
Chad T. Wilson Law Firm, PLLC
455 E Medical Center Blvd, Suite 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
vcunningham@cwilsonlaw.com

                                               */s/ Patrick M. Kemp*
                                               Patrick M. Kemp